IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No.  03-cv-141-WDM-PAC

JAMES E. SIMS,

    Petitioner,

v.

GARY WATKINS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

**ORDER ON RECOMMENDATIONS OF MAGISTRATE JUDGE**

Miller, J.

This matter is before me on two recommendations issued by Magistrate Judge Patricia A. Coan.  The first, issued January 29, 2004, is that Petitioner's Application for Writ of Habeas Corpus be dismissed.  The second, issued June 18, 2004, is that Petitioner's Motion for Additional Findings, filed May 18, 2004, be denied.  Petitioner filed a timely objection to both recommendations.[1]  28 U.S.C. § 636(b).

I have reviewed *de novo* the pertinent portions of the record in this case, including the habeas application, Respondents' answer, the Traverse, the

---

[1] On February 17, 2004, within the time for filing objections to the first recommendation, Petitioner also filed an "Advisement to the Court" concerning alleged misrepresentations of the state court trial record in the recommendation.  I will consider this document in connection with Petitioner's formal objection to that recommendation.

recommendations, the objections, and Petitioner's two motions for additional findings. For the reasons that follow, I conclude the recommendations should be accepted.

In his objection to the first recommendation, Petitioner argues that Magistrate Judge Coan improperly relied on procedural default to decline to address the errors in his jury instructions. The Colorado Court of Appeals, on direct appeal of his conviction, agreed that the jury instructions on first degree sexual assault and on sexual assault on a child were improper. The court declined to review the merits of the issue, however, based upon its determination that the doctrine of invited error barred such review. *People v. Zapata*, 779 P.2d 1307, 1309 (Colo. 1989) ("a party may not complain on appeal of an error that he has invited or injected into the case; he must abide the consequences of his acts").

A federal habeas court may not review a federal claim that is procedurally defaulted in the state courts under an independent and adequate state procedural rule "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Petitioner argues that this rule should not apply here because the trial record did not support the application of the invited error doctrine since the jury instruction conference was held off record. He also contends the doctrine is not an adequate procedural rule because the Colorado Supreme Court

has not followed it regularly.

Magistrate Judge Coan and the Colorado Court of Appeals both recognized that the state court record did not include information, apparently provided in a conversation held off the record, concerning the role of Petitioner's counsel in drafting the jury instructions at issue. The record did reflect, however, that his attorney agreed to the instructions, which resulted from an attempt to combine the elements of the sexual assault charges with the elements of crime of violence charges; the latter charges were dismissed under the parties' agreement.

In his Advisement to the Court, Petitioner asserts that his attorney agreed to the instructions in response to an inquiry from the trial judge and did not volunteer his agreement as suggested by the recommendation. I disagree with Petitioner that this renders the attorney's concurrence in the instructions any less valid for purposes of the invited error doctrine.

Petitioner argues that the invited error doctrine may not be used to create a procedural default in this case because the doctrine was not evenly and regularly applied and therefore is not an adequate state procedural rule. Citing the Colorado Supreme Court's decision in *People v. Stewart*, 55 P.3d 107 (Colo. 2002), he contends that his attorney's concurrence in the jury instructions was the result of inadvertence or incompetence and not trial strategy. In *Stewart*, the court held that, where an error or omission in jury instructions was not the result of strategy, Colorado courts should apply plain error review and not the invited error doctrine. 55 P.3d at

119-20.

The procedural default rule, however, looks to the state of the law at the time of the purported procedural default. *Walker v. Attorney General*, 167 F.3d 1339, 1344-45 (10th Cir. 1999). Therefore, I must look to Colorado's application of the invited error doctrine at the time of Petitioner's trial, or, at the latest, in March 2001 when the Colorado Court of Appeals applied the doctrine to decline to reach the jury instruction issue. Because *Stewart*'s distinction between inadvertence and strategy was not made until September 2002, it does not control. I agree with Magistrate Judge Coan that the Colorado Court of Appeals regularly followed the doctrine at the relevant times. I also agree with her conclusion that no exception to the procedural bar exists based on ineffective assistance of counsel or Petitioner's claim of actual innocence.

With respect to Petitioner's claim that the evidence at his trial was insufficient to support the charge of enticement of a child, Magistrate Judge Coan found that the decision of the Colorado Court of Appeals was not contrary to, or an unreasonable application of, federal law and that it was not based on an unreasonable determination of fact. Petitioner objects, arguing the recommendation is contrary to federal law and not supported by the record. He does not, however, identify any particular law that is contravened, nor does he address the state court's conclusion that the victim's testimony provided the necessary evidence.

Magistrate Judge Coan found no legal or factual error in the state court's rejection of Petitioner's claims that the trial court incorrectly excluded evidence of the

victim's prior sexual conduct with her boyfriend and an alleged prior false report of sexual assault. Petitioner's objection to this portion of the recommendation is conclusory.

Similarly, Petitioner's objection to the recommendation's rejection of his claim that the trial court erred in admitting hearsay evidence is insufficient. He merely relies on his application for habeas relief and does not identify specific portions of the trial record or particular federal law.

I agree with Magistrate Judge Coan that the application for habeas relief should be denied.

Following the Supreme Court's decision in *Crawford v. Washington*, 541 U.S. 36 (2004), Petitioner filed a motion seeking additional findings. Magistrate Judge Coan issued a recommendation that this motion be denied because *Crawford* did not affect the harmless error analysis applied in the first recommendation's discussion of his hearsay claim. Petitioner's objection to the second recommendation does not demonstrate how *Crawford* would require either additional findings or the grant of habeas relief under the circumstances of this case. The motion will be denied.

On May 9, 2005, Petitioner filed a second motion for additional findings, this time in light of the Colorado Supreme Court's decision in *Auman v. People*, 109 P.3d 647 (Colo. 2005). His arguments merely reiterate his objection to the first recommendation on the issue of the invited error doctrine. Because the procedural bar rule looks to the state procedural rule as of the time it was applied, the Colorado

Supreme Court's later rulings do not require a grant of habeas relief in this case.

Accordingly, it is ordered:

1. The recommendation issued January 29, 2004, is accepted.

2. The recommendation issued June 18, 2004, is accepted.

3. Petitioner's motion for additional findings, filed May 18, 2004, is denied.

4. Petitioner's second motion for additional findings, filed May 9, 2005, is denied.

5. Petitioner's Application for Writ of Habeas Corpus is denied.

DATED at Denver, Colorado, on September 20, 2005.

BY THE COURT:

/s/ Walker D. Miller
United States District Judge